**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Telvon Taylor, <br><br> Plaintiff(s), <br><br> vs. <br><br><br> Westland Real Estate Group, LLC., et al., <br><br> Defendant(s). | 2:25-cv-02605-APG-MDC <br><br> **ORDER GRANTING IFP APPLICATION (ECF No. 1) AND SCREENING COMPLAINT** |

Pro se plaintiff Telvon Taylor filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") and attached a *Complaint and an Emergency Motion for Injunctive Relief* ("Emergency Motion"). *ECF No. 1, 1-1, and 1-2*. The Court GRANTS the IFP application and screens the complaint.

**I.    WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

Plaintiff's IFP application is reasonably complete. *ECF No. 1*. Plaintiff states he receives $957 a month in SSI benefits and has minimal assets. *Id*. The Court grants plaintiff's IFP application.

**II.   WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM**

**A. Legal Standard**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material

allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B. Complaint

Plaintiff sues Westland Real Estate Group, LLC and Hacienda Hills Apartment—he brings claims for disability discrimination under the Fair Housing Act and due process violations (which the Court construes liberally as a claim for wrongful eviction). *ECF No. 1-1 at 1*. Plaintiff alleges this Court has jurisdiction pursuant to federal question jurisdiction. *Id*. Plaintiff's claims relate to an eviction, he states that he is disabled and that his landlord is taking an imminent lockout which will lead to homelessness of his entire family. *ECF No. 1-1 at 3*. Plaintiff attempts to incorporate by reference the allegations in his Emergency Motion, which is improper, because complaints must be complete without referencing other filings per LR 15-1(a). Given the emergency nature of plaintiff's filing, however, the Court will overlook this requirement at this mere screening stage because this can be corrected with an amendment. Plaintiff alleges that he has complained about inhospitable conditions at the apartment, including attaching a doctor's note regarding mold exposure. *Id. at 12*. Construing plaintiff's complaint liberally, he appears to allege that even though he paid his rent, defendants evicted him in violation of federal law because of his disabilities.

#### a. Disability Discrimination under the Fair Housing Act

The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection with such dwelling because of a handicap." 42 U.S.C. § 3604(f)(2) (as amended by Pub. L. No 100-430, 102 Stat. 1619 (1988)). Under the FHA, discrimination includes "a refusal to make reasonable

accommodations in rules policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to enjoy the dwelling." 42 U.S.C. § 3604 (f)(3)(B). The FHA states that the refusal of a reasonable disability accommodation is a form of discrimination.

To establish a prima facie case of a refusal to make a reasonable accommodation, a plaintiff must show that: (1) he or she suffers from a "handicap" as defined by 42 U.S.C. § 3602(h); (2) the defendants knew or should reasonably be expected to know of the plaintiff's handicap; (3) the accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling;  and (4) the defendants refused to make such accommodation. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997).

Plaintiff alleges he is disabled in the complaint and that the defendants knew he was disabled. Plaintiff alleges that he has, "rais[ed] disability-related and health concerns" regarding the hazardous conditions at the rental property. *ECF No. 1-2 at 3*. Construing his allegations liberally, plaintiff has alleged that the accommodation to fix the hazardous conditions for his disability is necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling. Plaintiff has also alleged that the defendant refused to make such accommodations. The Court thus finds, at this initial screening stage, that plaintiff has alleged violations of the Fair Housing Act. Plaintiff brings a federal claim, so he has adequately plead federal question jurisdiction.

### b. Wrongful eviction in violation of NRS 118A.390

The Court liberally construes plaintiff's due process claim as one for wrongful conviction in violation of NRS 118A.390. A tenant may recover damages pursuant to NRS 118A.390(1) "[i]f the landlord unlawfully removes the tenant from the premises or excludes the tenant by blocking or attempting to block the tenant's entry upon the premises, willfully interrupts or causes or permits the interruption of any essential item or service..." Plaintiff states a colorable claim for wrongful eviction

against defendants under NRS 118A.390. Plaintiff alleges that he was unlawfully evicted because he paid his rent but his landlord evicted him without a hearing and interrupted service regarding the mold remediation. *ECF No. 1-2 at 7*. The Court finds that at this early screening stage, plaintiff has stated enough to move past screening regarding the wrongful eviction claim.

C. Conclusion

Since the Court screens plaintiff's complaint, the Court directs the Clerk of Court to file both the complaint and the Emergency Motion on the docket. The Court notes that plaintiff filed correspondence with the defendant's counsel to the docket. *See ECF No. 6 at 6*, *email to Litigation Counsel Amy Porray*. The Court requests the Clerk of Court to send a courtesy email to counsel regarding this Order. Considering that plaintiff may now be evicted, the Court also requests that plaintiff be sent a courtesy electronic copy to the email he lists in the exchange. *Id. at 6*.

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.

2. The Clerk of the Court is **DIRECTED** to:
    a. File the Complaint (ECF No. 1-1) AND the Emergency Motion for Injunctive Relief (ECF No. 1-2) on the docket;
    b. Email a copy of this Order to Amy Porray, Litigation Counsel for Westland Real Estate Group at amy.porray@westlandreg.com;
    c. Both mail a copy of this Order and two blank copies of form USM-285 to plaintiff's address on the docket and send courtesy copies of this Order and the USM-285 form to plaintiff's email address howardchannel23@gmail.com;
    d. Issue summons for Westland Real Estate Group, LLC and Hacienda Hills Apartment;

4

and

e. deliver the following to the U.S. Marshals Service ("USMS") for service:

  i. Three copies of the complaint (ECF No. 1-1) and the Emergency Motion for Injunctive Relief (ECF No. 1-2)

  ii. The summons issued for Westland Real Estate Group, LLC and Hacienda Hills Apartment; and

  iii. A copy of this Order.

3. The plaintiff **MUST** complete one USM-285 form for each defendant and provide an address where each defendant can be served with process. Unless the defendants waive formal service, the plaintiff will have until **January 20, 2026**, to provide his completed USM-285 forms to the USMS.

4. Upon receipt of the issued summonses, the USM-285 forms, and the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the USMS shall attempt service upon defendants.

5. Within twenty-one days after receiving from the USMS a copy of the form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the Court identifying whether the defendants were served. If plaintiff wishes to have service again attempted on an unserved defendant, he must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

6. Service must be accomplished on or before **April 6, 2026**. See Fed. R. Civ. P. 4(m).

Dated: January 6, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

5

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**