**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Telvon Taylor,

Plaintiff,

vs.

Westland Real Estate Group, LLC, *et al.*,

Defendants.

2:25-cv-02605-APG-MDC

**ORDER**

The Court has reviewed the parties' motions. The Court rules as follows:

- The Court **GRANTS** the defendants' *Fourth Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (ECF No. 53) and the *First Motion To Extend Time To Extend The Deadline To File Response* (ECF No. 73) *nunc pro tunc*. The defendants have until **August 24, 2026** to file their opposition to the plaintiff's pending motion to stay case proceedings (ECF No. 72).

- The Court **DENIES** the *Motion for Leave to File Document* (ECF No. 24), *First Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (ECF No. 45), *Second Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (ECF No. 47), *Third Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (ECF No. 50) as **MOOT.**

- The Court **DENIES** the *Motion for Immediate Hearing and Protective Relief* (ECF No. 32).

- The Court **HOLDS** the plaintiff's *Motion for Leave to File Document* (ECF No. 69) **IN ABEYANCE.** Since the Court already screened plaintiff's complaint[1], the Court will not rescreen plaintiff's proposed amended complaint. The defendants have until **August 24, 2026** to file an opposition to plaintiff's *Motion for Leave to File Document* (ECF No. 69).

//

[1] *See Collins v. NDOC*, No. 2:22-cv-01795-CDS-BNW, 2024 U.S. Dist. LEXIS 116011, at *3 (D. Nev. Jan. 26, 2024)(Finding that courts need not re-screen every proposed amended complaint once a plaintiff's prior complaint has survived screening)(collecting cases).

## I. MOTION FOR LEAVE TO FILE DOCUMENT (ECF No. 24)

Pro se plaintiff argues in his Motion for Leave to File Document that he has newly discovered evidence that disproves statements in the defendants' motion to extend time and he asks the Court to supplement the record, strike those statements, and deny the extension request. *ECF No. 24 at 1 and 8*. Defendants respond that the motion is really an opposition to defendants' request for an extension of time, but it is now moot because the Court had already granted the extension request before plaintiff filed his motion. *ECF No. 59 at 3, citing to the Order granting the extension at ECF No. 23*.

To the extent plaintiff seeks to challenge or strike assertions made in defendants' motion to extend time, that request is moot because the Court had already ruled on the extension motion. On this record, there is no basis to supplement the record or strike portions of a motion that the Court has already decided. The Court thus denies the Motion for Leave to File Document as moot.

## II. MOTION FOR IMMEDIATE HEARING AND PROTECTIVE RELIEF (ECF No. 32)

Plaintiff argues in the Motion for Immediate Hearing and Protective Relief (ECF No. 32) that the Court needs to hold an immediate hearing on an emergency basis regarding alleged retaliatory eviction-related conduct, unlawful entries, and threats to his safety at the Hacienda Hills Apartments. *ECF No. 32 at 1-6*. Defendants respond that (1) the summary eviction proceedings for nonpayment of November 2025 rent did not result in an actual lockout or removal because plaintiff and his co-occupant paid the rent by the justice court's deadline, so no eviction occurred; (2) plaintiff has already filed other emergency motions in this case seeking duplicative relief; and (3) plaintiff's emergency motion does not comply with Local Rule 7-4's procedural requirements for emergency motions and does not present a genuine emergency. *ECF No. 62 at 2-4*.

The Court finds that the motion did not comply with the local rules. Per Local Rule 7-4, an emergency motion must be accompanied by a declaration specifying, among other things, the nature of the emergency, the parties' contact information, and a certification regarding the meet-and-confer

efforts and notice to affected parties. See LR 7-4(a)(1)–(3), (d). Pro se litigants are not exempt from following court rules. *See generally Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *see, e.g., Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (denying pro se litigant's motion to compel discovery due to untimely filed, improperly formatted interrogatories).

Plaintiff's filing does not include the required LR 7-4(a)(3) statement, and he has labeled this motion as an emergency despite circumstances that do not satisfy the narrow emergency criteria of LR 7-4(b). Local Rule 7-4(c) authorizes denial of an emergency motion for failure to comply with these requirements. The Court also finds that plaintiff's motion is duplicative of other requests for immediate and emergency relief on the docket. Plaintiff has already sought similar relief in his earlier filed emergency motions for injunctive relief and for an expedited hearing, which are still pending before the Court. *See ECF Nos. 9 and 48*. The Court thus does not address the factual arguments raised by the parties that overlap with the pending motions, which will be decided in due course. Because plaintiff has already requested the same or substantially similar relief in other pending motions, this additional emergency motion is unnecessary and contributes to the proliferation of overlapping emergency requests. The plaintiff is cautioned not to file duplicative motions. The Court denies the Motion for Immediate Hearing and Protective Relief (ECF No. 32).

## III. MOTIONS TO EXTEND TIME (ECF NOS. 45, 47, 50, 53, AND 73)

Defendants seek extensions of time to respond to plaintiff's motions (see ECF Nos. 9, 15, 24, 32, 33, and 72). The Court grants the recently filed motions to extend time (ECF Nos. 53 and 73) and denies the earlier filed motions to extend time as moot (ECF Nos. 45, 47, and 50).

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Federal Rule of Civil Procedure 6(b)(1) provides that the court may, for good cause, extend a deadline if the party requests the extension before the original deadline expires. Under LR 26-3 a

request made within 21 days of the subject deadline must be supported by a showing of good cause and plaintiff must show excusable neglect when a request for extend is made after the deadline passed. LR 26-3. In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal quotations omitted). Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

The defendants have filed their responses to ECF Nos. 9, 15, 24, 32, and 33 (see ECF Nos. 51, 57, 59, 62, and 40). The plaintiff has not filed oppositions to ECF Nos. 53 and 73, and the earlier filed motions to extend time are moot. The defendants counsel states that she has been short staffed and used her best efforts to timely respond to plaintiff's motions. For example, she filed the response to one of plaintiff's motions after midnight which made her response untimely, and she promptly filed multiple motions for extensions regarding responding to his other motions. *ECF No. 53 at 2*. The Court finds that the defendants have shown both good cause and excusable neglect to grant the extension requests. The plaintiff will not be prejudiced, and the length of delay is minimal given that defendants have now filed their responses to most of the pending motions. Counsel has a staffing shortage, but she acted in good faith to seek extensions. The Court thus grants the extension requests.

## IV. MOTION FOR LEAVE TO FILE DOCUMENT (ECF No. 69)

Plaintiff filed a Motion for Leave to Amend his Complaint. *ECF No. 69*. The defendants did not file opposition, and the time to do so has now passed. The Court will not screen the proposed amended complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, given the procedural posture of this case. The Court orders the defendants to file an opposition, if any.

**IT IS ORDERED that:**

1. Plaintiff's *Motion for Leave to File Document* (**ECF No. 24**) is **DENIED AS MOOT.**

2. Plaintiff's *Motion for Immediate Hearing and Protective Relief* (**ECF No. 32**) is **DENIED.**

3. Defendant's *First Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (**ECF No. 45**), *Second Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (**ECF No. 47**), *Third Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (**ECF No. 50**) are all **DENIED AS MOOT.**

4. Defendant's *Fourth Motion to Extend The Deadline To File Responses To Plaintiffs Motions* (**ECF No. 53**) is **GRANTED** *nunc pro tunc*.

5. Plaintiff's Motion for Leave to File Document (**ECF No. 69**) is **HELD IN ABEYANCE**: the defendants have until **August 24, 2026** to file an opposition.

6. Defendant's *First Motion To Extend Time To Extend The Deadline To File Response* (**ECF No. 73**) is **GRANTED** *nunc pro tunc*. The defendants have until **August 24, 2026** to file their opposition to the plaintiff's pending motion to stay case proceedings (**ECF No. 72**).

DATED: August 10, 2026.

_____________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order

of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**