**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TELVON TAYLOR,

Plaintiff

v.

WESTLAND REAL ESTATE GROUP, LLC and HACIENDA HILLS APARTMENT,

Defendants

Case No.: 2:25-cv-02605-APG-MDC

**Order (1) Denying Plaintiff's Motion for Injunctive Relief, (2) Granting Plaintiff's Motions to Supplement, and (3) Denying as Moot Plaintiff's Motion to Expedite**

[ECF Nos. 9, 15, 33, 48]

Plaintiff Telvon Taylor, proceeding pro se, sues Westland Real Estate Group, LLC and Hacienda Hills Apartment for claims related to a December 2025 attempt to evict him from an apartment. Magistrate Judge Couvillier screened his complaint and construed it to be based on him being evicted because of his disabilities even though he paid his rent. ECF No. 7 at 2. Judge Couvillier allowed the following claims to proceed: (1) FHA disability discrimination based on Taylor's alleged disability and the defendants' refusal to fix conditions hazardous for his disability and (2) wrongful eviction in violation of Nevada Revised Statutes (NRS) § 118A.390 based on his allegation that "he paid his rent but his landlord evicted him without a hearing and interrupted service regarding the mold remediation." *Id.* at 3-5.

Taylor thereafter filed a motion for injunctive relief seeking to stop the eviction. ECF No. 9. This motion was based on a December 11, 2025 summary eviction order from North Las Vegas Justice Court. *Id.* at 8. Taylor also filed motions regarding newly discovered evidence, to supplement the record, and to expedite. ECF Nos. 15; 33; 48. Defendant Westland Hacienda Hills LLC dba Hacienda Hills (incorrectly sued as Westland Real Estate Group, LLC and

Hacienda Hills Apartment)[1] opposes the motions. Hacienda argues that Taylor is unlikely to succeed because he was not a lawful resident of the unit because Channel Howard was the lessee and Hacienda would not have permitted Taylor to be a co-tenant, authorized occupant, or authorized guest due to his conviction for conspiracy to distribute controlled substances. Hacienda also contends that neither Taylor nor Howard complained about habitability issues and there was no notice that Taylor had a disability until after Hacienda had already initiated an eviction for Howard's failure to pay the November 2025 rent. Hacienda thus argues its November 2025 eviction proceeding could not have been retaliatory or discriminatory based on Taylor's disability. Hacienda also argues that the attempted eviction for nonpayment of rent was lawful because it is undisputed that Howard had not timely paid the November 2025 rent. Hacienda contends that it would be inequitable to allow Taylor to live in the unit (or any other comparable Hacienda unit) because Taylor had no legal right to be in the unit and is prohibited from living there.

In response to Taylor's motions to supplement, Hacienda also argues that the November 2025 eviction attempt never concluded because the justice court stayed the eviction to allow Howard to pay the outstanding rent for November 2025. Hacienda asserts that Howard paid the November rent, so she was not evicted at that time. Hacienda thus argues the issues raised in the motion for injunctive relief are moot because the November 2025 eviction never took place. Hacienda also notes that after learning Taylor was an unauthorized occupant in the unit, it began a separate eviction proceeding for nuisance. Howard failed to pay rent for December 2025 through February 2026 and did not contest a separate nuisance eviction proceeding, so the justice

[1] Taylor has not yet amended his complaint to name the correct entity.

court granted Hacienda's summary eviction and Howard and Taylor were locked out on March 9, 2026.

## I. Legal Standard

To qualify for a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## II. Taylor's motion to enjoin the eviction for the nonpayment of the November 2025 rent is moot.

I deny Taylor's motion for injunctive relief because his motion was aimed at an eviction that was never completed. *See* ECF No. 9 at 7-8 (identifying the December 11, 2025 order for summary eviction in Case No. 25EN004820 and the December 30, 2025 lockout notice posted on Howard's door as the events necessitating an injunction). The state court permitted Howard to pay the November 2025 rent, and she did so. ECF Nos. 15 at 1-2; 51-10 at 4 ; 51-14 at 3; 57-2 at 3. Accordingly, the eviction that prompted the motion never took place, so his motion is moot.

/ / / /

/ / / /

/ / / /

**III. Even if Taylor's motion is not moot, the balance of hardships and public interest do not support an injunction because Howard has since been evicted for nonpayment of rent, Taylor is not a lawful occupant of the unit, and requiring Hacienda to house Taylor is not in the public interest.**

Howard and Taylor did not pay the rent from December 2025 through February 2026. ECF Nos. 51-5 at 2-3; 51-10 at 7. Hacienda obtained another eviction order in February 2026. ECF Nos. 51-10 at 6; 51-14 at 4-5. The court granted the eviction, despite the alleged habitability issues, because Howard did not post the outstanding rent with the court. ECF No. 51-10 at 7; NRS § 118A.355(5) (stating that where a tenant withholds rent due to habitability issues, a "tenant does not have a defense to an eviction [for not paying rent] unless the tenant has deposited the withheld rent into an escrow account pursuant to this subsection"). Hacienda thereafter locked Howard and Taylor out of the apartment. Having failed to pay or post rent as required despite the alleged habitability issues, the balance of hardships and public interest do not weigh in favor of Taylor's request that I place Taylor and Howard back in a Hacienda unit following the eviction the state court granted.

Additionally, Taylor is not an approved occupant of the unit under the lease, so neither the balance of hardships nor the public interest weigh in favor of granting injunctive relief requiring Hacienda to let him reside in one of its units. The lease requires the tenant to identify all persons who will reside at the unit, and the lease identifies only Howard and a minor as the occupants. ECF No. 51-3 at 2, 6-7. Per the lease, "[n]o one else may occupy the Premises, or any part thereof, without [Hacienda's] prior written consent." *Id.* at 7, 47. Although Howard and Taylor assert that certain Hacienda employees knew Taylor resided at the unit, there is no

evidence that Hacienda gave prior written consent for him to be an occupant. *See* ECF Nos. 51-10 at 4; 65 at 3; 66 at 1-4; 67 at 2.[2]

The lease also requires the tenant to get prior written approval for long-term guests and to pay an additional $100 per month "for each Guest staying at the Premises in excess of five (5) consecutive days with Owner's written approval." ECF No. 51-3 at 7. Per the lease, "[i]f any Guest is found to be staying at the Premises in excess of five (5) consecutive days, or a total of ten (10) days per year, without [Hacienda's] written approval then Resident will be considered to have caused a material breach of this Lease Agreement." *Id.* There is no evidence that Howard obtained Hacienda's written approval for Taylor to be a long-term guest or that she paid the extra $100 per month for his stay. Additionally, per the lease application, Hacienda would not have approved Taylor as an occupant due to his prior conviction for conspiracy to distribute controlled substances. ECF Nos. 51-4 at 8-9; 51-9 at 2.

Finally, the equities and public interest do not support requiring Hacienda to house Taylor because he has sent hundreds, if not thousands, of emails to Hacienda and Westland Real Estate Group employees since late November 2025. ECF Nos. 51-10 at 5; 51-13 (representative sample of emails). Hacienda employees have called the police on Taylor. ECF No. 51-10 at 6. The animosity between the parties would only be heightened if Taylor was living in a Hacienda unit where he would come into regular contact with Hacienda employees and service providers. Taylor has had at least one incident with an outside pest control company, who would no longer

---

[2] ECF Nos. 66 and 67 are unauthorized supplements. *See* LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court."). As a one-time courtesy, I nevertheless considered these filings. Taylor and Howard are advised to follow the Local Rules in the future. They can access this court's local rules on the court's website at www.nvd.uscourts.gov.

service the unit if Taylor was there. ECF No. 51-12 (email from a pest control company employee stating his staff will not service the unit "while the resident is still on site" after describing the resident in Howard's unit as threatening to use a knife and "acting like they were going to strike our service vehicle with their SUV"); *see also* 51-10 at 8 (stating that Taylor was arrested at the Hacienda in February 2026 "when he was involved in an altercation with Howard's brother," during which Taylor had a knife). The public interest weighs against forcing a continued relationship between the parties.

**IV. Conclusion**

I THEREFORE ORDER that plaintiff Telvon Taylor's motion for injunctive relief **(ECF No. 9) is DENIED**.

I FURTHER ORDER that plaintiff Telvon Taylor's motion regarding newly discovered evidence **(ECF No. 15) is GRANTED** in that I considered the filing.

I FURTHER ORDER that plaintiff Telvon Taylor's motion to supplement the record **(ECF No. 33) is GRANTED** in that I considered the filing.

I FURTHER ORDER plaintiff Telvon Taylor's motion to expedite **(ECF No. 48) is DENIED as moot**.

DATED this 17th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE