**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TELVON TAYLOR,<br><br>Plaintiff<br><br>v.<br><br>WESTLAND REAL ESTATE GROUP, LLC and HACIENDA HILLS APARTMENT,<br><br>Defendants | Case No.: 2:25-cv-02605-APG-MDC<br><br>**Order**<br><br>[ECF Nos. 69, 72, 75-78] |

Plaintiff Telvon Taylor, proceeding pro se, sued Westland Real Estate Group, LLC and Hacienda Hills Apartment for claims related to his eviction from an apartment. His complaint was screened, and Magistrate Judge Couvillier construed his complaint to be based on him being evicted despite paying his rent because of his disabilities. ECF No. 7 at 2. Judge Couvillier allowed the following claims to proceed: (1) FHA disability discrimination based on Taylor's alleged disability and the defendants' refusal to fix conditions hazardous for his disability and (2) wrongful eviction in violation of Nevada Revised Statutes (NRS) § 118A.390 based on his allegation that "he paid his rent but his landlord evicted him without a hearing and interrupted service regarding the mold remediation." *Id.* at 3-5.

Taylor thereafter filed a motion for injunctive relief seeking to stop the eviction. ECF No. 9 at 7-8. The defendants' counsel appeared and moved to dismiss, arguing that Taylor had sued the wrong entities. ECF No. 29. I denied that motion because the defendants presented no evidence in support, and I encouraged the defendants to work with Taylor to get the correct entities identified if in fact Taylor had sued the wrong ones. ECF No. 42. The defendants thereafter advised Taylor that the correct entity to sue is Westland Hacienda Hills LLC dba

Hacienda Hills. ECF No. 44-2. Taylor did not move to amend the complaint and case caption to reflect the correct defendant.

Taylor thereafter filed multiple documents, such as supplements, notices, and a joint declaration with Channel Howard. Taylor and Howard seemed to believe that Howard was a plaintiff in this case even though she was not named in the complaint and did not sign the complaint. *See* ECF No. 67 at 4 (joint statement signed by Taylor and Howard in which Howard is identified as "Plaintiff/Witness To All Said Facts, pro se"). She was not a plaintiff in this case at the time the joint statement was filed.

However, in April 2026, I consolidated this case with another one that Taylor and Howard filed, pro se, on their own behalf and on behalf of their minor children. ECF No. 68; *see also Taylor v. Westland Real Estate Group*, 2:26-cv-00883-APG-MDC (*Taylor II*). That case involves similar allegations about uninhabitable conditions at the apartment, Taylor and Howard's interactions with apartment staff and contractors, and the apartment landlord's repeated attempts to evict Taylor, Howard, and their children, including events that took place after Taylor filed the initial lawsuit. *Taylor II*, ECF No. 1-1. Only Taylor signed the *Taylor II* complaint, although there is a handwritten /s/ mark near Howard's typewritten name. *Id.* at 13. In *Taylor II*, Taylor and Howard filed a motion to amend the complaint and filed a second amended complaint without filing a related motion for leave to amend. *Taylor II*, ECF Nos. 3; 8. Howard signed the motion to amend and the second amended complaint in *Taylor II*. *Taylor II*, ECF Nos. 3 at 8; 8 at 5. Before the complaint was screened and any defendant was served or appeared in *Taylor II*, it was consolidated into this case.

Taylor then moved for leave to file an amended complaint in this case. ECF No. 69. Defense counsel has requested numerous extensions of time to respond to that motion. ECF Nos. 75-78. The motion to amend and the related motions to extend time remain pending.

Taylor and Howard also moved to stay these proceedings for 60 days so they could attempt to obtain counsel. ECF No. 72. Alternatively, they requested that I appoint pro bono counsel for the minor children as plaintiffs. More than 60 days have passed, and no counsel has appeared for the plaintiffs. The motion to stay remains pending.

In short, this case and the consolidated case are a bit of a procedural mess. To clear up confusion about who is a plaintiff, what is the correct name of the defendant(s) they intend to sue, and what claims each plaintiff is bringing against each defendant, I grant Taylor and Howard leave to file an amended complaint that asserts all claims they want to assert against all defendants from the two consolidated actions. This complaint should be labeled as the first amended complaint, as it will be the first amended complaint in this case. The first amended complaint must be a complete document in and of itself and will supersede the prior complaints in each of the two cases in their entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the first amended complaint will no longer be before the court. Taylor and Howard are advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). The plaintiffs should specifically identify each defendant and support each claim with factual allegations about each defendant's actions. I refer Taylor and Howard to the

defendants' representation that the correct entity to sue regarding the evictions is Westland Hacienda Hills LLC dba Hacienda Hills. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.

Additionally, because one pro se litigant cannot represent another, both Taylor and Howard must sign the first amended complaint if they intend to each be a plaintiff in this case. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). As Taylor and Howard appear to recognize in their motion to stay the case, they cannot represent their minor children pro se. *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024), (stating that "a parent may not proceed pro se on her children's behalf"). I deny their request to appoint counsel for the minors. I cannot force a lawyer to take a case pro bono and Taylor and Howard indicate they have already attempted to obtain counsel. *See* ECF No. 72 at 2.

Accordingly, I deny the motion to amend and related motions to extend time as moot, as I am giving Taylor and Howard leave to amend. I deny the motion to stay as moot because Taylor and Howard requested 60 days to find counsel, and more than 60 days have already passed.

I THEREFORE ORDER that the plaintiffs' motion to stay **(ECF No. 72) is DENIED as moot**.

I FURTHER ORDER that the plaintiffs' motion to amend **(ECF No. 69) is DENIED** because I am granting the plaintiffs leave to amend.

I FURTHER ORDER that the defendants' motions to extend time **(ECF Nos. 75-78) are DENIED as moot**.

I FURTHER ORDER that Telvon Taylor and Channel Howard may file a first amended complaint consistent with this order by October 17, 2026. That complaint must address all claims Taylor and Howard seek to assert against the defendants named in this case and the

consolidated case in a single amended complaint. Taylor and Howard may not add new defendants or new claims that were not already included in the original or proposed complaints in this case and the consolidated case.

DATED this 17th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE